# EXHIBIT B

# Case Summary

**Case Number:** MER L-001186-23

**Case Caption:**  Abira Medical Labora Tories Ll  Vs Blue Cross Blu

| | | |
|---|---|---|
| **Court:**  Civil Part | **Venue:**  Mercer | **Case Initiation Date:**  06/20/2023 |
| **Case Type:**  Contract/Commercial Transaction | **Case Status:**  Active | **Jury Demand:**  6 Jurors |
| **Case Track:**  2 | **Judge:**  R Brian Mclaughlin | **Team:**  8 |
| **Original Discovery End Date:** | **Current Discovery End Date:** | **# of DED Extensions:**  0 |
| **Original Arbitration Date:** | **Current Arbitration Date:** | **# of Arb Adjournments:**  0 |
| **Original Trial Date:** | **Current Trial Date:** | **# of Trial Date Adjournments:**  0 |
| **Disposition Date:** | **Case Disposition:**  Open | **Statewide Lien:** |

## Plaintiffs
### Abira Medical Laboratories Llc AKA  Genesis Diagnostics

| | | |
|---|---|---|
| **Party Description:** Business | | **Attorney Name:** Aderemilekun Adeoluwa Omojola |
| **Address Line 1:** 957 Route 33 | **Address Line 2:** Suite 12, #322 | **Attorney Bar ID:** 040002011 |
| **City:** Hamilton Square   **State:** NJ | **Zip:** 08690 | **Phone:** (212) 220-1616 |
| **Attorney Email:** AOMOJOLA@GENESISDX.COM | | |

## Defendants
### Blue Cross Blue Shield Montana

| | | |
|---|---|---|
| **Party Description:** Business | | **Attorney Name:** |
| **Address Line 1:** 3645 S. Alice Street | **Address Line 2:** | **Attorney Bar ID:** |
| **City:** Helena   **State:** MT | **Zip:** 59604 | **Phone:** |
| **Attorney Email:** | | |

### Health Care Servicecorporatio

| | | |
|---|---|---|
| **Party Description:** Business | | **Attorney Name:** |
| **Address Line 1:** 300 East Randolph Street | **Address Line 2:** | **Attorney Bar ID:** |
| **City:** Chicago   **State:** IL | **Zip:** 60601 | **Phone:** |
| **Attorney Email:** | | |

## Case Actions

| Filed Date | Docket Text | Transaction ID | Entry Date |
|---|---|---|---|
| 06/20/2023 | Complaint with Jury Demand for MER-L-001186-23 submitted by OMOJOLA, ADEREMILEKUN ADEOLUWA, ABIRA MEDICAL LABORATORIES LIMITED LIABILITY COMPANY on behalf of ABIRA MEDICAL LABORATORIES LLC against BLUE CROSS BLUE SHIELD MONTANA, HEALTH CARE SERVICE CORPORATIO | LCV20231841720 | 06/20/2023 |
| 06/21/2023 | TRACK ASSIGNMENT Notice submitted by Case Management | LCV20231848591 | 06/21/2023 |

# EXHIBIT C

Aderemilekun Omojola, Esq. – Attorney ID No. 040002011
Abira Medical Laboratories, LLC d/b/a
Genesis Diagnostics
957 Route 33 | Suite 12 | #322
Hamilton Square | New Jersey | 08690
Tel: 212.220.1616 | Fax: 609.798.0327
aomojola@genesisdx.com
Counsel for Plaintiff – Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics

| | |
|---|---|
| ABIRA MEDICAL LABORATORIES, LLC d/b/a GENESIS DIAGNOSTICS,<br><br>Plaintiff<br><br>vs.<br><br>BLUE CROSS BLUE SHIELD OF MONTANA AND THEIR AFFILIATES, ABC COMPANIES 1-100 AND JOHN DOES 1-100,<br>                    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>MERCER COUNTY<br>LAW DIVISION – CIVIL PART<br><br><br>DOCKET NO.<br><br><br>COMPLAINT FOR DAMAGES<br><br><br>JURY TRIAL DEMANDED |

## I. INTRODUCTION

1. This is a breach of contract action. Defendant intentionally and unlawfully refused to pay Plaintiff for services rendered. Plaintiff seeks damages of $193,164 (compensatory damages of $64,388, trebled pursuant to the New Jersey Consumer Fraud Act), plus punitive damages, interest, and costs of suit, including attorney's fees. In support of thereof, Plaintiff respectfully states:

## II. PARTIES

### PLAINTIFF

2. Plaintiff, Abira Medical Laboratories, LLC d/b/a Genesis Diagnostics is a domestic limited liability company organized under the laws of the State of New Jersey.

**DEFENDANTS**

3. Defendant Blue Cross Blue Shield of Montana provides health insurance services throughout New Jersey, including without limitation, Mercer County, and has its principal place of business at 3645 S. Alice Street, Helena, Montana 59604.

4. Defendant Health Care Service Corporation provides health insurance services throughout New Jersey, including without limitation, Mercer County, and has its principal place of business at 300 East Randolph Street, Chicago, IL 60601.

5. Defendants are affiliates, or they own each other, or they are aliases ("a/k/a") of each other, or they are doing business as ("d/b/a") each other.

**III. JURISDICTION AND VENUE**

6. Jurisdiction is proper in this matter, seeing Defendants conduct business in the State of New Jersey. Moreover, this Court "may exercise in personam jurisdiction over a non-resident defendant 'consistent with due process of law.'" Bayway Refining Co. v. State Utilities, Inc., 333 N.J. Super. 420, 428 (App. Div. 2000) (quoting R. 4:4-4(b)(1)). Hence, this Court has personal jurisdiction over the Defendants by virtue of R. 4:4-4.

7. Subject matter jurisdiction of this action is proper herein by virtue of N.J. Const., Art. VI 3, 2. See also R. 4:3-1(a)(5).

8. Venue is proper in this Court pursuant to R. 4:3-2(a) because a substantial part of the events, transactions and/or occurrences giving rise to Plaintiff's claims set forth herein occurred within this judicial district.

9. Venue is also proper in this Court pursuant to R.4:3-2(b).

## IV. FACTS

10. Plaintiff operated a licensed medical testing laboratory business, which provided services nationwide, with approximately 150 employees, including but not necessarily limited to physicians, scientists, technicians, administrative personnel, and sales representatives.

11. As part of its business model, Plaintiff performed clinical laboratory, toxicology, pharmacy, genetics, and addiction rehabilitation testing services on specimen submitted by referring medical service providers, for numerous patients located throughout the United States (the "Laboratory Testing Services").

12. Plaintiff held a regional designation to perform first responder testing for police, firefighters, and healthcare workers, and provided testing for prison systems in multiple counties, including New Jersey and Pennsylvania.

13. Physicians and patients relied upon Plaintiff to provide the results from Laboratory Testing Services in order to inform medical decisions on patient care and public safety.

14. Industry practice is such that:

    i. health insurance issuer's subscriber/member either walk-in or are referred to a laboratory where they submit specimen for testing,

    ii. the laboratory tests the specimen, and submits a claim/invoice to the health insurance issuer, and

    iii. the health insurance issuer pays the claim pursuant to the applicable fee list or fee schedule.

15. Any licensed testing laboratory can plug and play into this industry practice, to establish a contract with any health insurance issuer, by providing specimen testing services to a subscriber/member, to be compensated according to the applicable fee list or fee schedule.

16. Plaintiff tendering service to the Defendant's subscriber/member established a contract between the Plaintiff and Defendant.

17. Plaintiff had every expectation that Defendants would honor their obligations and properly pay Plaintiff for the testing services it provided to Defendants' subscribers and/or members.

18. Defendants, however, either failed to pay or underpaid Plaintiff for its laboratory and diagnostic testing services, that Plaintiff provided to Defendants' subscribers and/or members.

## V. CAUSES OF ACTION

### COUNT ONE
~
### BREACH OF CONTRACT

29. Plaintiff realleges and incorporates herein by reference, each of the foregoing allegations.

30. Plaintiff's adherence to industry practice to provide laboratory testing on specimen from Defendant's subscribers/members, where per industry practice, Defendants were supposed to pay Plaintiff according to the applicable fee schedule, constitutes a valid and binding contract between Plaintiff and Defendants (the "Contract").

31. Plaintiff has performed all its obligations under the Contract, including without limitation properly submitting claims to Defendants as required by the Contract, and has not breached any of the terms therein.

32. Pursuant to the Contract, Plaintiff was, among other things, entitled to have its claims for services rendered to Defendants' subscribers/members processed and paid promptly by Defendants.

33. Defendants repeatedly breached the Contract by either failing to respond at all to properly submitted claims or, for those claims in which Defendants did choose to respond, regularly refusing to pay and/or underpaying claims submitted by Plaintiff, for reasons that were (and remain) entirely groundless.

34. Due to Defendants' multiple breaches of the Contract, Plaintiff has been deprived of thousands of dollars to which Plaintiff is contractually (and otherwise) entitled.

35. Defendants made no payments on the balance due and owing, which totals $64,388, for services rendered by the Plaintiff to Defendants' subscribers and/or members.

36. Defendants' failure to pay Plaintiff as required under the Contract (and applicable law) caused Plaintiff to suffer damages, in the amount of $64,388.

## COUNT TWO
~
## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

37. Plaintiff realleges and incorporates herein by reference, each of the foregoing allegations.

38. The Contract constitutes valid and binding contract between Plaintiff and Defendants.

39. Implied in all contracts is a covenant of good faith and fair dealing.

40. Defendants' actions here, including but not limited to, its failure and/or refusal to respond at all to properly submitted claims or, for those claims in which Defendants did choose to respond, regularly refusing to pay and/or underpaying claims submitted by Plaintiff for reasons that were (and remain) entirely groundless, breached these implied covenants.

41. Consequently, caused Plaintiff to suffer damages, for which Defendants are liable, in the amount of $64,388.

## COUNT THREE
~
## FRAUDULENT MISREPRESENATION

42. Plaintiff realleges and incorporates herein by reference, each of the foregoing allegations.

43. Plaintiff relied on industry practice and the course of conduct between Plaintiff and Defendants, and also relied upon Defendants' representations to compensate Plaintiff for performing testing services to Defendants' members and/or subscribers.

44. Plaintiff's reliance on Defendants' representations was reasonable and justified.

45. As a result, Defendants are precluded, both at law and in equity, from asserting rights which might have existed against Plaintiff, because:

> i. Defendants induced to adversely change its position, to Plaintiff provide to Defendants' subscribers and/or members, testing services, under the belief that Defendants would compensate Plaintiff for performing such services,
>
> ii. Plaintiff, in good faith, relied on Defendants' representations and the parties' course of dealing, and performed said testing services.

46. Moreover, Defendants are precluded, both at law and in equity, from asserting rights which might have existed against Plaintiff, seeing Plaintiff in good faith relied upon and expected Defendants to meet payment obligations, and Defendants induced Plaintiff to adversely change its position to perform testing services, to Defendants' subscribers and/or members, under the belief that Defendants would compensate Plaintiff for such services.

47. Defendants have demonstrated that that they do not intend to pay Plaintiff for providing testing services, for Defendants' subscribers and/or members, thus violating Defendants' own reimbursement standards and protocols.

48. Defendants' representations induced Plaintiff to perform testing services to Defendants' subscribers and/or members, whereas Defendants knew at the time of issuing said representations, that Defendants would not pay for Plaintiff's services, and knew of their improper practice of reimbursing for services, at amounts far below those required by Defendants' own policies and protocols.

49. Defendants have therefore fraudulently induced Plaintiff to perform testing services for Defendants' subscribers and/or members, for which Defendants had no intention to pay, and for which Defendants, in fact, did not pay, or paid at amounts far below those required by Defendants' own policies and protocols.

50. By failing to pay Plaintiff the usual, customary, and reasonable charges for its professional services, in accordance with Defendants' own payment standards and protocols, Defendants breached both their obligation to reimburse Plaintiff for providing testing services for Defendants' subscribers and/or members.

51. Consequently, Defendants caused Plaintiff to suffer damages, for which Defendants are liable, in the amount of $64,388.

## COUNT FOUR
~
## NEGLIGENT MISREPRESENATION

52. Plaintiff realleges and incorporates herein by reference, each of the foregoing allegations.

53. Plaintiff relied on the course of conduct between Plaintiff and Defendants, and also relied upon Defendants' representations to compensate Plaintiff for performing testing services to Defendants' members and/or subscribers.

54. Plaintiff's reliance on Defendants' representations was reasonable and justified.

55. Whereas Defendants knew or should have known that they could not pay Plaintiff the contractual, customary, and reasonable charges for Plaintiff's professional services.

56. Defendants failed to compensate Plaintiff, as necessary.

57. Consequently, proximately caused Plaintiff to suffer damages, for which Defendants are liable, in the amount of $64,388.

## COUNT FIVE
~
## EQUITABLE AND PROMISSORY ESTOPPEL

58. Plaintiff realleges and incorporates herein by reference, each of the foregoing allegations.

59. Plaintiff relied on the course of conduct between Plaintiff and Defendants, and also relied upon Defendants' representations to compensate Plaintiff for performing testing services to Defendants' members and/or subscribers.

60. Plaintiff's reliance on Defendants' representations was reasonable and justified.

61. Whereas Defendants knew or should have known that they could not pay Plaintiff the contractual, customary, and reasonable charges for Plaintiff's professional services.

62. Defendants failed to compensate Plaintiff, as necessary.

63. Consequently, proximately caused Plaintiff to suffer damages, for which Defendants are liable, in the amount of $64,388.

## COUNT SIX
~
## QUANTUM MERUIT / UNJUST ENRICHMENT

64. Plaintiff realleges and incorporates herein by reference, each of the foregoing allegations.

65. In performing testing services for Defendants' subscribers and/or members, for which Defendants have no intention to pay, and for which Defendants, in fact, did not pay, or paid

at amounts far below those required by Defendants' own policies and protocols, Plaintiff conferred a benefit upon Defendants' subscribers and/or members and, therefore, upon Defendants.

66. Moreover, in performing the testing services to Defendants' subscribers and/or members, for which Defendants have no intention to pay, and for which Defendants, in fact, did not pay, or paid at amounts far below those required by Defendants' own policies and protocols, Plaintiff conferred a benefit upon Defendants' subscribers and/or members and, therefore, upon Defendants.

67. Defendants have enriched themselves at Plaintiff's expense by failing and refusing to compensate Plaintiff for providing testing services to Defendants' subscribers and/or members, and instead Defendants are using those funds for Defendants' own purposes.

68. It is against equity and good conscience to permit Defendants to retain the money it intentionally and wrongfully failed to pay to Plaintiff.

69. Plaintiff is therefore entitled to recover all funds it is owed for providing testing services, which Defendants intentionally and wrongfully failed to pay to Plaintiff.

70. By reason of the unjust enrichment of Defendants at Plaintiff's expense, Plaintiff is entitled to judgment against Defendants in the amount of not less than $64,388, plus interest.

**COUNT SEVEN**
~
**NEW JERSEY CONSUMER FRAUD ACT, <u>N.J.S.A</u> § 56:8-2:
UNCONSCIONABLE COMMERCIAL PRRACTICE, DECEPTION, FRAUD,
FALSE PRETENSE, FALSE PROMISE, MISREPRESENTATION, AND,
OMISSION OF MATERIAL FACT.**

71. Plaintiff realleges and incorporates herein by reference, each of the foregoing allegations.

72. Each Defendant is a "person" as defined by the Consumer Fraud Act ("CFA") at <u>N.J.S.A</u> § 56:8-1(d).

73. As Plaintiff's testing services were provided broadly to the public, its services are defined as "merchandise" under N.J.S.A § 56:8-1(c).

74. Plaintiff relied on Defendants' representations to compensate Plaintiff for performing testing services to Defendants' members and/or subscribers.

75. Plaintiff's reliance on Defendants' representations was reasonable and justified.

76. Whereas Defendants knew they could not or would not pay Plaintiff the contractual, customary, and reasonable charges for Plaintiff's professional testing services, thereby securing Plaintiff's services by deception, fraud, false pretense, false promise, misrepresentation, and omission of material facts, thus constituting an unconscionable business practice, in connection with Plaintiff's merchandise, pursuant to N.J.S.A § 56:8-2.

77. Plaintiff's reliance on Defendants' representations was reasonable and justified.

78. Unconscionably, Defendants have refused and failed to compensate Plaintiff as appropriate.

79. Consequently, Defendants caused Plaintiff to suffer damages, for which Defendants are liable, in the amount of $64,388, which, pursuant to treble damages of the CFA totals $193,164, under N.J.S.A § 56:8-19.

## VI. RELIEF SOUGHT

**WHEREFORE**, the above premises being considered, Plaintiff prays for judgment against Defendants, jointly and/or severally, and requests the following:

    i. Compensatory damages, in the amount of $64,388,

   ii. Punitive damages,

  iii. Costs of suit and attorney fees in connection with this action, pursuant to the CFA at N.J.S.A § 56:8-19;

  iv. Treble damages of $193,164, pursuant to the CFA at N.J.S.A § 56:8-19;

v. Pre-judgment and post-judgment interest at the highest rate allowed by law; and

vi. All such other and further relief, as the Court deems equitable and just.

### VII.  JURY REQUEST

Plaintiff, Abira Medical Laboratories, LLC, d/b/a Genesis Diagnostics request a Jury on all issues in this Complaint.

### VIII.  DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Aderemilekun A. Omojola, Esq. is hereby designated as trial counsel for Plaintiff, Abira Medical Laboratories, LLC, d/b/a Genesis Diagnostics.

Respectfully submitted,

Dated: June 19, 2023,

    s/   Aderemilekun Omojola, Esq.
957 Route 33 | Suite 12 | #322
Hamilton Square | New Jersey | 08690
Tel: 212.220.1616 | Fax: 609.798.0327
aomojola@genesisdx.com
Attorney for Plaintiff,
Abira Medical Laboratories, LLC, d/b/a Genesis Diagnostics

### CERTIFICATION PURSUANT TO R 4:5-1

I hereby certify that the matter in controversy, captioned above, is not the subject of any other action pending in any Court or arbitration proceeding, and it is not contemplated that the said matter in controversy shall be the subject of any other action or arbitration proceeding. To the best of my knowledge, all parties in this matter have been joined in the action.

Dated: June 19, 2023,

    s/   Aderemilekun Omojola, Esq.
957 Route 33 | Suite 12 | #322
Hamilton Square | New Jersey | 08690
Tel: 212.220.1616 | Fax: 609.798.0327
aomojola@genesisdx.com
Attorney for Plaintiff,
Abira Medical Laboratories, LLC, d/b/a Genesis Diagnostics

# Civil Case Information Statement

**Case Details: MERCER | Civil Part Docket# L-001186-23**

**Case Caption:** ABIRA MEDICAL LABORA TORIES LL  VS BLUE CROSS BLU

**Case Initiation Date:** 06/20/2023

**Attorney Name:** ADEREMILEKUN ADEOLUWA OMOJOLA

**Firm Name:** ABIRA MEDICAL LABORATORIES LIMITED LIABILITY COMPANY

**Address:** 957 ROUTE 33 SUITE 12, #322 HAMILTON SQUARE NJ 08690

**Phone:** 2122201616

**Name of Party:** PLAINTIFF : Abira Medical Laboratories LLC

**Name of Defendant's Primary Insurance Company** (if known): Unknown

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Abira Medical Laboratories LLC?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** YES

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/20/2023                                                              /s/ ADEREMILEKUN ADEOLUWA OMOJOLA
Dated                                                                                                          Signed

# EXHIBIT D

```
MERCER COUNTY COURTHOUSE
CIVIL CASE MANAGMENT OFFICE
175 SOUTH BROAD ST P O BOX 8068
TRENTON          NJ 08650-0068
                                          TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (609) 571-4200
COURT HOURS  8:30 AM - 4:30 PM

                          DATE:    JUNE 20, 2023
                          RE:      ABIRA MEDICAL LABORA TORIES LL  VS BLUE CROSS BLU
                          DOCKET: MER L -001186 23

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON R BRIAN MCLAUGHLIN

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      008
AT:  (609) 571-4200 EXT 74314.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                          ATTENTION:
                                     ATT: ADEREMILE A. OMOJOLA
                                     ABIRA MEDICAL LABORATORIES LIM
                                     957 ROUTE 33
                                     SUITE 12, #322
                                     HAMILTON SQUARE  NJ 08690


ECOURTS
```

# EXHIBIT E

## SUMMONS

| | |
|---|---|
| Attorney(s) Aderemilekun Omojola, Esquire | **Superior Court of** |
| Office Address 957 Route 33, Suite 12, #322 | **New Jersey** |
| Town, State, Zip Code Hamilton Square, NJ 08690 | |
| | Mercer _____ County |
| Telephone Number 212-220-1616 | Law _____ Division |
| Attorney(s) for Plaintiff ABIRA MEDICAL | Docket No: MER-L-001186-23 |
| LABORATORIES, LLC d/b/a | |
| GENESIS DIAGNOSTICS | |
| Plaintiff(s) | **CIVIL ACTION** |
| vs. | **SUMMONS** |
| Blue Cross Blue Shield of Montana | |
| Defendant(s) | |

Blue Cross Blue Shield of Montana
RECEIVED
AUG 3 0 2023
LEGAL DEPARTMENT

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.

/s/ Michelle Smith
Clerk of the Superior Court

DATED: 06/22/2023
Name of Defendant to Be Served: Blue Cross Blue Shield of Montana
Address of Defendant to Be Served: 3645 S. Alice Street, Helena, Montana 59604

Revised 11/17/2014, CN 10792-English (Appendix XII-A)